UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-CV-24048-KMW

JANE DOE,

    Plaintiff,

v.

THE SCHOOL BOARD OF MIAMI-DADE,
COUNTY

    Defendant.

_____/

**DEFENDANT, THE SCHOOL BOARD OF MIAMI-DADE,
COUNTY'S, ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

Defendant, The School Board of Miami-Dade County, Florida, by and through its undersigned counsel, hereby files Defendant's Answer and Affirmative Defenses to Plaintiffs Amended Complaint and Demand for Jury Trial, and states as follows:

### I.    NATURE OF CASE, JURISDICTION AND VENUE

1. Defendant admits that Meyers was arrested in February 2016 for alleged sexual activity with a minor, the remaining allegations are denied.

2. It is admitted that Plaintiff has alleged a cause of action within the federal question jurisdiction of the Court. However, liability for any alleged damages is denied.

3. It is admitted that Plaintiff has alleged a cause of action accruing within the Southern District of Florida. However, liability for any alleged damages is denied.

## II.    PARTIES AND NON-PARTIES

4. It is admitted that Plaintiff attended Palmetto Sr. High School as a minor. Defendant is without knowledge as to the remainder of the allegations in Paragraph 4, and as such, those allegations are denied.

5. Defendant admits that it is a political subdivision of the state of Florida, receives the delineated federal funds and operates Miami Dade County Public Schools, including Krop Sr. High School and Palmetto Sr. High School, as well as manages its employees. The remainder of Paragraph 5 is denied.

6. Defendant admits that the Superintendent is its secretary and executive officer and is responsible for the administration and management of the public schools within the district. Defendant admits that Albert M. Carvalho has been the Superintendent since 2008. The remainder of Paragraph 6 is denied.

7. Defendant admits that each of its schools has a Principal and at least one Assistant Principal, and such employees may have some involvement with hiring, transferring and disciplining staff at their respective school. The remainder of Paragraph 7 is denied.

8. Defendant admits that the Superintendent, the Principals and the Assistant Principals enforce its rules, as well as pertinent state rules, the remaining allegation are denied.

9. Defendant admits that it employs the Miami-Dade Schools Police Department, which assists in the prevention, detection and investigation of crime. The remainder of Paragraph 9 is denied.

10. Denied.

*CASE NO.: 1:19-CV-24048-KMW*

### III. FACTS

11. Defendant admits that it initially employed Meyers in August 2002. Defendant admits that Meyers taught at Palmetto High School and Krop High School. Defendant admits that Meyers was arrested in February 2016 for alleged sexual activity with a minor. The remainder of Paragraph 11 is denied.

12. Without knowledge, therefore denied.

13. Denied.

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Defendant admits that an email alleging inappropriate conduct by Meyers was received. The remainder of Paragraph 18 is denied.

19. Denied.

20. Denied, including subparts (a)-(b).

21. Denied.

22. Denied.

23. Denied, including subparts (a)-(c).

24. Denied, including subparts (a)-(j).

25. Denied.

26. Denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Denied.

30. Without knowledge, therefore denied.

31. Defendant admits that Plaintiff was a student of Meyers during the delineated period. The remainder of Paragraph 31 is denied.

32. Without knowledge, therefore denied including subparts (a)-(j).

33. Without knowledge, therefore denied including subparts (a)-(f).

34. Defendant admits that Meyers was arrested in February 2016 for alleged sexual activity with a minor. The remainder of Paragraph 31 is denied.

35. Denied.

36. Defendant admits that following Meyers' arrest other female students made allegations of inappropriate sexual conduct by Meyers. The remainder of Paragraph 36 is denied.

37. Without knowledge, therefore denied.

38. Without knowledge, therefore denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

41. Without knowledge, therefore denied.

42. Without knowledge, therefore denied.

### IV.   CAUSES OF ACTION

#### COUNT I
#### Violation of Title IX, Education Amendments of 1972-20 U.S.C.§1681, et seq.

43. Defendant adopts and realleges the responses to Paragraphs 1 through 42, as if fully set forth herein.

44. Defendant admits that Plaintiff has cited to Title IX. However, Defendant denies violation of Title IX.

45. Defendant admits that it receives federal funds.

46. Defendant admits that a student should not be subjected to sex discrimination, including sexual abuse, molestation, exploitation, and harassment. The remainder of Paragraph 46 is denied.

47. Defendant admits that students should not be subjected to discrimination, sexual harassment and sexual violence. Defendant admits that it had a duty to adequately investigate any complaint of sexual misconduct. The remainder of Paragraph 47 is denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied, including subparts (i)-(v).

52. Denied.

53. Denied.

## COUNT II
## Violation of Florida Educational Equity Act. Fla. Stat. § 1000.05

54. Defendant adopts and realleges the responses to Paragraphs 1 through 42, as if fully set forth herein.

55. Defendant admits that Plaintiff has cited to the applicable statute. However, Defendant denies violation of the statute.

56. Admitted.

57. Defendant admits that a student should not be subjected to sex discrimination, including sexual abuse, molestation, exploitation, and harassment. The remainder of Paragraph 57 is denied.

58. Defendant admits that students should not be subjected to discrimination, sexual harassment and sexual violence. Defendant admits that it had a duty to adequately investigate any complaint of sexual misconduct. The remainder of Paragraph 58 is denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## AFFIRMATIVE DEFENSES

1. Defendant is a political subdivision of the state of Florida, and as such, to the extent that Plaintiff seeks to recover through s. 768.28, Florida Statutes, has not waived its sovereign immunity to suit for any covered actions, except to the extent expressly provided therein.

2. Defendant is a political subdivision of the state of Florida, and as such, to the extent that Plaintiff seeks to recover through s. 768.28, Florida Statutes, such recovery is limited to the statutory caps and exclusions delineated therein.

3. Any recovery by Plaintiff is reduced or barred by any settlement, judgment or payment of any kind, relating to the incident described in Plaintiffs Complaint, paid by any individual or entity, including the state of Florida, its agencies or subdivisions.

4. Defendant asserts that any damages in this case must be apportioned pursuant to § 768.81, Florida Statutes, with a reduction of damages awarded in proportion to the share of fault attributable, including non-party Jason Meyers.

*CASE NO.: 1:19-CV-24048-KMW*

5. Pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), any damages awarded are subject to apportionment by the jury of the total fault of all participants which may be responsible for damages claimed, including but not limited to non-party Jason Meyers.

6. To the extent that Plaintiff is requesting attorneys' fees against the Defendant such claim is barred as the Defendant cannot be liable for the action of Jason Meyers under either state or federal law and Plaintiff cannot prevail on such claims against the Defendant as a matter of law.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury of all issues by right so triable.

[CERTIFICATE OF SERVICE ON NEXT PAGE]

*CASE NO.: 1:19-CV-24048-KMW*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23nd day of October 2019, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, and via electronic mail to: Mark A. Schweikert, Esquire, Schweikert Law PLLC, Attorney for the Plaintiff, 90 SW 3rd Street, #700B, Miami, Florida 33130; mark@schwekertlaw.com.

                COLE, SCOTT & KISSANE, P.A.
                *Counsel for Defendant*
                Cole, Scott & Kissane Building
                9150 South Dadeland Boulevard, Suite 1400
                P.O. Box 569015
                Miami, Florida 33256
                Telephone (305) 350-5330
                Facsimile (305) 373-2294
                Primary e-mail: sheila.gonzales@csklegal.com
                Secondary e-mail: dania.sanchez@csklegal.com

By:  s/ *Sheila M. Gonzales-Jonasz*
       SHEILA GONZALES-JONASZ
       Florida Bar No.: 0187615
       MICHAEL E. BRAND
       Florida Bar No.: 0187615